## STATE *v.* LESLIE & a.

The offence of receiving a mortgage, pledge, or conveyance, of personal property for the illegal purposes mentioned in sec. 20, chap. 215, Rev. Stat., is not described by words used in an indictment charging the defendants with receiving the property for such purposes.

Such words do not adequately describe the offence of concealing such property mentioned in the second clause of the same section.

INDICTMENT, in which it was alleged that the defendants "on the thirtieth day of August 1842, at Haverhill, &c., did fraudulently receive the property of John Blaisdell and

Royal S. Clarke, of Haverhill, &c., now or late partners in trade under the style and firm of Blaisdell & Clark, to wit., eighteen hundred yards of calico of the value of two hundred dollars, and various other articles, all being of the value of one thousand dollars; and did then and there fraudulently receive the same, to pervent the seizin and attachment of the same upon mesne process and execution, contrary to the form of the statute in such cases made and provided, and against the peace," &c.

To this the defendant demurred, and the questions arising upon the record were ordered to be transferred to this court for determination.

*Walker,* Attorney General, for the State.

*Quincy,* for the defendants.

Woods, J. By chap. 215, sec. 19, of the Rev. Stat., it is provided that "If any person shall fraudulently mortgage, pledge, sell, alienate or convey any of his real or personal estate amounting in value to the sum of one hundred dollars, or shall fraudulently conceal his personal estate of that value, to prevent the attachment or seizure of the same upon mesne process or execution, he shall be punished by imprisonment," &c.

Section 20 provides that "If any person shall receive any such mortgage, pledge or conveyance, or shall conceal the property of any debtor of that value, with intent to prevent such attachment or' seizure, he shall be punished in the manner provided in the preceding section."

The indictment appears to be founded upon the provisions of the section last recited, but charges the defendant with having received the property of the parties named, for the illegal purposes described in the statutes; and the demurrer presents the question whether the statute offence is set forth in the indictment.

We think it quite clear that the offence of receiving "*such* mortgage, pledge, or conveyance," as shall be made by a debtor for the purpose described in sec. 19, is not substantially set forth and defined by the words used in the indictment, since they make no mention of any such mortgage, pledge, or conveyance, either in terms or by implication or legal intendment. The indictment charges only the receiving of the property.

It is equally plain that the offence of "concealing" property of the kind and for the purposes described in the second clause of sec. 20, is not implied by the words "did fraudulently receive," which are used in the bill.

The statute offence is therefore not set forth, and the demurrer must prevail.

*Judgment for the defendants on the demurrer.*